# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

**April 9, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* C.D.

**No. 17-1023** (Hampshire County CC-14-2017-JA-39)


## MEMORANDUM DECISION

Petitioner Mother S.S., by counsel Charlie B. Johnson, appeals the Circuit Court of Hampshire County's October 2, 2017, order terminating her parental rights to C.D.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Julie A. Frazer, filed a response on behalf of the child also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying her an improvement period, terminating her parental rights, and denying her post-termination visitation.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In June of 2017, the DHHR filed a child abuse and neglect petition against the parents, alleging that they exposed the child to drug abuse, drug trafficking, and domestic violence. Specifically, following the execution of a search warrant, law enforcement officers found large amounts of marijuana and cash in the home, and the father was charged with possession with intent to distribute marijuana. Petitioner waived her preliminary hearing. However, the father proceeded to a contested preliminary hearing during which a caseworker testified that the child was interviewed and reported that her father sells drugs and that she had witnessed domestic violence between her parents.

The circuit court held an adjudicatory hearing in July of 2017, during which petitioner stipulated to exposing the child to drug abuse and domestic violence and failing to protect the child. The circuit court accepted petitioner's stipulation and adjudicated her as an abusing parent.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

In September of 2017, the circuit court held a dispositional hearing, during which it heard evidence on both petitioner's motion for a post-adjudicatory improvement period and the DHHR's motion to terminate parental rights. A West Virginia State Trooper testified that the father was arrested in August of 2017 for driving while under the influence of alcohol. During the arrest, petitioner arrived at the scene and the trooper intercepted over three thousand dollars in cash as the father attempted to hand it to petitioner. A service provider testified that petitioner failed to comply with the rules for supervised visitation by continually using her cellphone and by crying and upsetting the child. Further, the service provider testified that petitioner was overheard telling the child that her hair was an ugly color, that no one liked to play with the child because she was ignorant, and that petitioner did not like playing with the child because she was mean. A DHHR worker testified that, despite petitioner's prior stipulations, she never acknowledged the conditions of abuse and neglect, failed to demonstrate any insight into her actions, and continued her relationship with the father.

Petitioner then testified that neither she nor the child witnessed the father selling drugs and that she had no knowledge of whether he did so. Further, she testified that she did not know why the child would suggest that the father sold drugs unless someone told her to say so. Finally, petitioner insisted that "[y]ou guys [the DHHR] don't understand what you are doing to my daughter." After hearing evidence, the circuit court found that petitioner did not acknowledge the abuse and neglect she inflicted upon the child and blamed others for her actions. As such, the circuit court denied petitioner's motion for an improvement period and terminated her parental rights upon findings that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect and that termination was in the child's best interests. After receiving a recommendation from the child's therapist, the circuit court also denied petitioner post-termination visitation. It is from the October 2, 2017, dispositional order that petitioner appeals.[2]

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

---

[2]The father's parental rights were also terminated during the proceedings below. According to the guardian, the child was placed with a foster family and the permanency plan is adoption in that home.

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in denying her an improvement period when she adhered to the advice of the multidisciplinary team and ceased abusing marijuana. We disagree. The decision to grant or deny an improvement period rests in the sound discretion of the circuit court. *See In re: M.M.*, 236 W.Va. 108, 115, 778 S.E.2d 338, 345 (2015) ("West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period"); Syl. Pt. 6, in part, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996) (stating that "[i]t is within the court's discretion to grant an improvement period within the applicable statutory requirements"). We have also held that a parent's "entitlement to an improvement period is conditioned upon the ability of the [parent] to demonstrate 'by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period . . . .'" *In re: Charity H.*, 215 W.Va. 208, 215, 599 S.E.2d 631, 638 (2004).

Petitioner failed to demonstrate that she was likely to fully participate in an improvement period. Petitioner was given the opportunity to participate in supervised visitation with the child, but repeatedly violated the rules by using her cellphone during visits with the child. She was also observed to be disinterested in her visits and was overheard telling the child that she did not want to play because the child was mean. Testimony at the dispositional hearing demonstrated that petitioner continued to insist that she had no knowledge of the father's drug trafficking, despite knowing of his prior convictions related to selling drugs and previously admitting to abusing drugs and living with the father for six years. Further, petitioner testified that her child had not been abused and only reluctantly admitted that she had been neglected as a result of petitioner's drug use. We have previously held that

> [i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re Timber M.*, 231 W.Va. 44, 55, 743 S.E.2d 352, 363 (2013) (quoting *In re: Charity H.*, 215 W.Va. 208, 217, 599 S.E.2d 631, 640 (2004)). As petitioner failed to acknowledge that her actions led to the abuse and neglect of the child, an improvement period would have been an exercise in futility and the circuit court did not err in denying the same.

Petitioner next argues that the circuit court erred in terminating her parental rights. Specifically, petitioner argues that the circuit court erroneously found that there was no reasonable likelihood that she could correct the conditions of abuse when she stipulated to the conditions of abuse and neglect, stopped using marijuana, and ceased engaging in domestic violence due to the father's pending incarceration. Petitioner's argument is not persuasive. West Virginia Code § 49-4-604(b)(6) provides that circuit courts are to terminate parental rights upon findings that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the child's

welfare. Pursuant to West Virginia Code § 49-4-604(c)(3), a situation in which there is no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected include one in which

> [t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare or life of the child.

Here, the circuit court found that petitioner was evasive and incredible in her testimony, did not acknowledge her behavior, and blamed others for her child's disclosure that the father sold drugs. Further, petitioner violated the terms of her supervised visitation by using her cellphone after being told the device was prohibited and made several inappropriate, hurtful comments to the child. Given her lack of acknowledgement of the conditions of abuse and neglect, her poor participation in supervised visitation, and her continued relationship with the father despite his history of domestic violence and drug trafficking, the circuit court did not err in finding that there was no reasonable likelihood that the conditions of abuse and neglect could be corrected in the near future and that termination was necessary for the child's welfare. While petitioner argues that the circuit court erred in terminating her parental rights when less-restrictive alternatives existed, we have previously held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W. Va.Code [§] 49-6-5 [now West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W. Va.Code [§] 49-6-5(b) [now West Virginia Code § 49-4-604(c)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011). Based upon the evidence outlined above, we find no error in the circuit court's termination of petitioner's parental rights.

Lastly, petitioner argues that the circuit court erred in denying her motion for post-termination visitation. Specifically, petitioner argues that she had a strong bond with the child and that the child's wishes were not taken into consideration. Petitioner's argument is without merit. In discussing post-termination visitation, we have held

> "[w]hen parental rights are terminated due to neglect or abuse, the circuit court may nevertheless in appropriate cases consider whether continued visitation or other contact with the abusing parent is in the best interest of the child. Among other things, the circuit court should consider whether a close emotional bond has been established between parent and child and the child's wishes, if he or she is of appropriate maturity to make such request. The evidence must indicate that such visitation or continued contact would not be detrimental to the child's well being

4

and would be in the child's best interest." Syl. Pt. 5, *In re Christina L.*, 194 W.Va. 446, 460 S.E.2d 692 (1995).

Syl. Pt. 11, *In re Daniel D.*, 211 W.Va. 79, 562 S.E.2d 147 (2002). The record demonstrates that visitation would not have been in the child's best interest. Per a letter from the child's therapist, the bond between petitioner and the child was not a healthy one and visits with petitioner negatively affected the child. Further, the circuit court was not required to consider the six-year-old child's wishes. Pursuant to West Virginia Code § 49-4-604(b)(6)(C), at disposition, circuit courts must consider the wishes of "a child fourteen years of age or older or otherwise of an age of discretion as determined by the court[.]" While the parties agree that the child was emotionally mature for her age, there is no indication that she was of an age of discretion to make a recommendation such as this. For these reasons, we find no error in the circuit court's denial of post-termination visitation with petitioner.

For the foregoing reasons, we find no error in the decision of the circuit court, and its October 2, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**:  April 9, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker